IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES B. JACKON,

       Plaintiff,

vs.                                        No. CV 19-00767 JCH/CG

CITY OF LAS CRUCES,
LAS CRUCES POLICE DEPT. NARCOTICS DIVISION,
DONA ANA COUNTY SHERIFF'S DEPARTMENT,
THIRD JUDICIAL DISTRICT COURT,
NEW MEXICO DEPT. OF PUBLIC SAFETY,
CHRIS LOPEZ BADGE #850,
JOHN RUBIO BADGE #770
JOSEPH MISQUEZ BADGE #669,
S. MUNOZ, BADGE #699,
ALEXANDRA MONINGER, SOUTHERN CRIME LAB,
BOBBY HOLDEN BADGE #862,
LAWRENCE ARGHULETA, SERGANT (LCPD),
RAYMOND SANCHEZ, APPROVING SERGANT (LCPD),
R. LATTURA, OFFICER (LCPD),
PATRICK BALLAGHER, CHEIF OF LAS CRUCES POLICE DEPT.,
KIM STEWART, DONA ANA COUNTY SHERIFF,
KENNETH DANIEL GALLEGOS MIYAGAISHIMA, MAYOR,
AMANDA LOPES ASKIN, DONA ANA COUNTY CLERK,
THOMAS MEDINA, DISTRICT ATTORNEY FOR THIRD DISTRICT COURT,
THOMAS ERICKSON, DISTRICT ATTORNEY FOR THIRD DISTRICT COURT,
JAMES T. MARTIN, CHIEF OF AUTHORITY FOR DISTRICT COURT,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Complaint for Violation of Civil Rights (Doc. 1) filed by Plaintiff Charles B. Jackson. The Court will dismiss the Complaint as barred by *Heck v. Humphry,* 512 U.S. 477, 487 (1994).

1

## I. Factual and Procedural Background

Plaintiff Charles B. Jackson filed his Complaint under 42 U.S.C. § 1983 on August 22, 2019 against twenty-one state and local officials and officers alleging "6th, 8th and 14th Amendment violations due process and cruel and unusual punishment, prosecutorial misconduct." (Doc. 1 at 1-3). He claims that around October 21, 2016, "not only was I falsely accused of Trafficking, but a false indictment and a false conviction was obtained as a result." (Doc. 1 at 5). He seeks a declaration that the acts and omissions described in the Complaint violated his rights under the Constitution and laws of the United States and compensatory and punitive damages against all defendants in the amount to be determined by a judge and jury at trial." (Doc. 1 at 5).

Plaintiff Jackson does not provide any information in the Complaint regarding the underlying state court proceedings. However, the official records of the Third Judicial District Court, County of Doña Ana, State of New Mexico, indicate that a grand jury indicted Jackson on two counts of trafficking a controlled substance in Third Judicial District cause no. D-307-CR-2016-01212.[1]  Jackson was convicted by a jury on both counts on July 30, 2018.  Jackson appealed and the jury's conviction was affirmed by the New Mexico Court of Appeals.  Certiorari review was denied by the New Mexico Supreme Court.  *See State v. Jackson*, No. A-1-CA-37820 (N.M.Ct. App. 2018).

---

[1] The Court may take judicial notice of the official New Mexico court records in Jackson's criminal case. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand);  *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

Jackson did not file a state habeas corpus proceeding. He did file a state tort case against the same parties as this case. (Doc. 1 at 9). However, that proceeding was dismissed for lack of prosecution. *See Jackson v. City of Las Cruces,* No. D-307-CV-2019-01329. The jury's conviction and Jackson's resulting sentence have not been reversed, overturned, or set aside.

## II. **Plaintiff Jackson's Claims are Barred by the *Heck* Doctrine**

In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Jackson's Prayer for Relief specifically asks the Court to declare that his criminal indictment and conviction violated his constitutional rights and to award him compensatory and punitive damages for false accusation, false indictment, and false conviction. (Doc. 1 at 5). Jackson's request for relief clearly necessitates the invalidation of his conviction. Because a favorable ruling on Jackson's claims would require treating his conviction in Third Judicial District cause no. D-307-CR-2016-01212 as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999); *Wilkinson v. Dotson,* 544 U.S. at 80-81.

### III. Leave to Amend Would Be Futile

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004). Because all of Plaintiff Jackson's claims are barred by the *Heck* doctrine, amendment of the Complaint would be futile in this case.

**IT IS ORDERED** that the Complaint for Violation of Civil Rights filed by Plaintiff, Charles B. Jackson (Doc. 1) is **DISMISSED** with prejudice as barred by *Heck v. Humphry,* 512 U.S. 477, 487 (1994).

_____
SENIOR UNITED STATES DISTRICT JUDGE